UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GAIL BOWMAN | CIVIL ACTION NO. 22-5545 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY | MAGISTRATE JUDGE LEBLANC |

**MEMORANDUM RULING**

Before the Court is an unopposed Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(b) filed by Defendant American Modern Property and Casualty Insurance Company ("American Modern") on March 12, 2025. See Record Document 40. The motion seeks dismissal with prejudice of all claims brought by Plaintiff Gail Bowman ("Bowman") as Bowman has failed to comply with a court order to produce initial disclosures or otherwise prosecute her claims. For the reasons assigned herein, the motion (Record Document 40) is **GRANTED**.

**BACKGROUND**

On October 4, 2022, Bowman filed suit against American Modern in the Western District of Louisiana asserting breach of contract claims and statutory violations resulting from American Modern's alleged failure to fulfill its duties to Bowman as her insurer in the wake of Hurricanes Delta and Ida. See Record Document 1. On June 21, 2023, Laborde Earles ("Earles") enrolled as counsel for Bowman. See Record Document 13. On April 26, 2024, a hearing was held concerning a Motion to Withdraw filed by Earles. See Record Document 40-1 at 2. Bowman was instructed to attend but failed to do so. See id. On September 3, 2024, an Order was issued granting the Motion to Withdraw and

1

designating Bowman as *pro se*. See id. The Order further instructed Bowman to cooperate with opposing counsel and comply with court orders and rules at risk of incurring penalties including dismissal. See id.

As of March 3, 2025, when the Motion to Dismiss was filed by American Modern, Bowman had not yet provided initial disclosures or communicated with American Modern's counsel regarding initial disclosures as was required by Case Management Order No. 1. See id. Furthermore, Bowman has filed nothing on the docket since Earles Motion to Withdraw on March 8, 2024. See id.

## LAW AND ANALYSIS

American Modern asks this Court to dismiss Bowman's claims with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "The power to dismiss a claim under Rule 41(b) is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" Rutherford v. Liberty Mut. Fire Ins. Co., No. 2:22-CV-04336, 2024 WL 1159284, at *1 (W.D. La. Mar. 18, 2024) (quoting Link v. Wabash *R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

American Modern has informed the Court that Bowman has failed to comply with this Court's Case Management Order and the Order granting her previous counsel's Motion to Withdraw and designating her *pro se*. See Record Document 40-1. Additionally, the record makes it apparent that Bowman has failed to take any action toward the

2

prosecution of her claims since Earles withdrew. Bowman has also failed to respond to American Modern's Motion to Dismiss and the time for doing so has now lapsed. Therefore, American Modern is correct that Bowman has failed to prosecute her action and comply with court orders within the meaning of Rule 41(b).  Dismissal of Bowman's lawsuit with prejudice pursuant to Rule 41(b) is appropriate in this instance.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that that the Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(b) (Record Document 40) filed by American Modern be and is hereby **GRANTED**.  All of Bowman's claims be and are hereby **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of May, 2025.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT